IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOE LOUIS JONES, JR. #L45563,  )
                                )
                Plaintiff,      )
                                )
     v.                         )     No. 09 C 1475
                                )
NORTH CHICAGO POLICE DEPT.,     )
et al.,                         )
                                )
                Defendants.     )

## MEMORANDUM ORDER

Joe Louis Jones, Jr. ("Jones") has submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint, filling in the Clerk's Office-supplied form with handprinted information. Jones has accompanied the Complaint with two other completed Clerk's Office forms: (1) an In Forma Pauperis Application ("Application"), coupled with a printout showing the transactions in his trust fund account at the Lake County Jail ("Jail") for the six months preceding the filing of his lawsuit (see 28 U.S.C. §1915(a)(2)[1]), and (2) a Motion for Appointment of Counsel ("Motion").

To begin with the Application, the average monthly deposits to Jones' trust fund account for the six-month period came to $11.73, so that the initial partial filing fee required of him amounts to $2.35 (see Section 1915(b)(1)(A)). Accordingly Jones

---

[1] Further citations to Title 28 provisions will take the form "Section --." In light of the difference in numbering, that usage should not create confusion with this order's reference to Section 1983.

is assessed that initial fee of $2.35, and the Jail's trust fund officer is ordered to collect that amount from Jones' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment, the trust fund officer at the Jail (or at any other correctional facility where Jones may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Jones' name and the 09 C 1475 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Jail's trust fund officer.

To turn to the Complaint's substantive provisions, Jones has not identified any suable defendant--instead he has named as his targets only the North Chicago Police Department (which is not a suable entity) and "Unknown Patrol Officers." But that omission creates no initial problem, because the pro bono counsel who is

appointed later in this order to represent Jones should be able, by service of process on the City of North Chicago itself followed by appropriate discovery, to replace the unnamed defendants with identified officers. And Jones' factual allegations survive preliminary screening under Section 1915A(a) by setting out a claimed deprivation of his constitutional rights.

Accordingly this Court grants both the Application (with Jones having the obligation to pay the balance of the $350 filing fee in future installments) and the Motion. In the latter respect, this member of the trial bar is appointed to represent Jones pro bono publico:

> Andrew A. Muchoney, Esq.
> McKeown, Fitzgerald, Zollner, Buck,
>   Hutchison & Ruttle
> 2455 Glenwood Avenue
> Joliet IL  60435

Finally, this Court is contemporaneously issuing its customary initial scheduling order, in part setting a first status hearing for 9 a.m. May 12, 2009.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 13, 2009