```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

Joe Louis Jones, Jr.          )
                              )
            Plaintiff,        )
                              )
      v.                      )     No. 09 C 1475
                              )
North Chicago Police Dept,    )
et al.,                       )
                              )
            Defendants.       )

## MEMORANDUM ORDER

This action was originally filed pro se by plaintiff Joe Louis Jones, Jr. ("Jones"), who asserted claims grounded in 42 U.S.C. § 1983 ("Section 1983") and in the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a). This Court then appointed counsel from the trial bar to represent Jones' pro bono publico, and some subsequent motion practice and oral rulings by this Court eventuated in the December 30, 2009 filing of a Second Amended Complaint ("SAC") by appointed counsel.[1] Now defense counsel has filed a Partial Answer and Affirmative Defenses ("ADs") to the SAC, also noticing up a Fed.R.Civ.P. ("Rule") 12(b)(6) motion to dismiss SAC Counts I, II and V for presentment on January 11.

---

[1] So far as this Court is aware, Jones' counsel failed to comply with this District Court's rule requiring delivery of a hard copy to chambers independently of the electronic filing of that pleading. It may be that the location of counsel's office in Joliet has simply delayed that delivery, but in any event this Court has had a copy of the pleading (Dkt. 30) printed out by its minute clerk.

As for the partial responsive pleading, defense counsel should be aware that the Latin characterization she seeks to invoke is spelled "de minimis" and not "de minumus." That is just for future reference -- this Court will not require that a corrective filing be made as to Count IV ¶ 2 or as to the caption and Paragraph 13 in AD 2.

More substantively, defense counsel's Rule 12(b)(6) motion fails in part to comply with the obligation of defendants to credit the allegations of the pleading targeted by such a motion. In that respect SAC ¶ 17 alleges:

> Despite Mr. Jones already having spread his legs, Officer Valiza Nash repeatedly kicked Mr. Jones' ankles.

And that allegation is echoed in Count I ¶ 2:

> Defendant, Officer Valiza Nash, repeatedly kicked the ankles of Mr. Jones during her search of Mr. Jones at the NCPD without any right or reason, as Mr. Jones had already spread his legs as instructed.

That gratuitous conduct ascribed to Office Nash cannot fairly be characterized as "a privileged and authorized touching" (the terminology employed in Motion ¶ 10 and in its Supporting Mem. Part IV). Nor does <u>Herzog v. Village of Winnetka</u>, 309 F.3d 1041, 1044 (7th Cir. 2002), cited and sought to be relied upon by defense counsel, teach otherwise.

Accordingly this Court rejects that asserted ground for partial dismissal of the SAC. No ruling is either made or

suggested here as to the other grounds that have been advanced in the motion.  Appointed counsel should be prepared to indicate, at the scheduled presentment date, which if any of the other aspects of the motion are unopposed and which call for a written response.

_____
Milton I. Shadur
Senior United States District Judge

Date:    January 6, 2009